## In re CHRISTENSEN.

(District Court, N. D. Iowa, Cedar Rapids Division. May 29, 1900.)

1. BANKRUPTCY—PREFERENCES—PAYMENT OF MONEY.

 A payment of money to apply upon a debt due is a transfer of property, and, if made by an insolvent debtor, with the effect of enabling the creditor to obtain a greater proportion of his debt than other creditors, constitutes a preference, within the meaning of Bankr. Act 1898, § 60a.

2. SAME—SET-OFF.

 Where a trustee in bankruptcy opposes the allowance of a claim filed by a creditor, based on an open account for goods sold by him to the bankrupt, on the ground that the creditor has received preferences, which he has not surrendered, in the way of payments to apply on such account, the creditor cannot set off against the trustee's demand for the surrender of such preferences the amount due for the goods sold, such a case not being one of "mutual debts or mutual credits between the estate of a bankrupt and a creditor," within the meaning of section 68a.

3. SAME—NEW CREDIT.

 Section 60c, providing that if a creditor has been preferred, and afterwards in good faith gives the debtor further credit without security for property which becomes part of the latter's estate, the amount of such new credit remaining unpaid at the time of the adjudication may be set off against the amount which would otherwise be recoverable from the creditor, is restricted to cases in which the trustee brings an action against the creditor, under subdivision "b" of the same section, to avoid the preference and recover the amount thereof; and such set-off cannot be claimed by the creditor when the trustee merely opposes the allowance of his proof of debt until the preference shall have been surrendered.

In Bankruptcy.   On exceptions to ruling of referee on claims of Van Patten & Marks, creditors.

Barker & McCoy, for claimants.

Chase & Seaman, for trustee.

SHIRAS, District Judge.   From the record submitted to the court it appears that on the 23d day of February, 1900, Erik A. Christensen was adjudged to be a bankrupt, and a trustee of his estate was duly appointed.   On behalf of the firm of Van Patten & Marks, a claim was submitted for allowance, to which objections were filed by the trustee on the ground that the claimants had received, within four months preceding the filing of the petition in bankruptcy, payments aggregating the sum of $984.70, which were in fact preferences, in that, when these payments were made, the bankrupt was insolvent, and, as the claimants had not surrendered these preferences, the claim presented could not be allowed.   Upon the hearing before the referee it was shown that the claimants, commencing in May, 1899, had sold to the bankrupt goods to the total amount of $1,740.92; that there was due to claimants the sum of $746.22; that from and after October 23, 1899, the bankrupt was in fact insolvent; that the total payments made on the account in cash aggregate $984.70, of which $553.21 were made after October 23, 1899, during which time Christensen was in fact insolvent, although such fact was not known to the claimants when they sold the goods and received the payments on account; that after October 23, 1899, the claimants sold to the bankrupt, on credit, without security, goods to the amount of $577.19, which were added to the stock in trade of the bankrupt, and of which goods there remained unsold and passed to the trustee the amount of $46.92. Upon these facts the referee ruled that the claimants could not be allowed to prove their claim unless they first surrendered to the trustee all preferences received by them, and in support of such ruling the referee held, as matters of law, that the payment of money is a transfer of property within the meaning of these words as used in section 60 of the bankrupt act; that the payment of money to apply on an open account for goods sold does not create a case of mutual debts or mutual credits, within the meaning of section 68, so as to enable a creditor to set off against the claim of the trustee to recover preferences paid in violation of the bankrupt act the sums due for the goods sold constituting the debt upon which the preferential payments were made, and that in cases wherein the trustee defends against the allowance of a claim on the ground that the claimant has received a preference thereon which he has not surrendered to the trustee according to the provisions of clause "g" of section 57 the claimant cannot set off against the amount of the preference by him received the amount of a new credit extended without security to the bankrupt after the payment of the preference; or, in other words, that the provisions of clause "c" of section 60 are intended to apply only to cases wherein the trustee seeks to enforce the repayment of preferences under clause "b" of the same section.   To reverse the ruling of the referee in holding that the claimants cannot be allowed to prove their claim unless they surrender the preferences received, the case is now

before the court upon review, and counsel have very fully argued the questions involved, which are two in number: First. Do payments in money, intended to be applied upon an existing open account, create a case of mutual debits and credits between the bankrupt and the creditor, within the meaning of section 68, so as to entitle the claimant to prove up a claim for the balance due on the account after allowing credit for all sums paid? Second. Do the provisions of clause "c" of section 60 allowing a creditor who has obtained a preference, but who has subsequently sold on credit, without security, property which has become part of the debtor's estate, to set off the amount of the new credit against the sum otherwise recoverable against him, apply to cases wherein the trustee is seeking to prevent the allowance of a claim under clause "g" of section 57? The reason for the enactment of section 68, providing for the allowance of a set-off in cases of mutual debits and credits, is that at the common law, and in the absence of a statute providing therefor, a set-off of mutual debits and credits could not be made. Thus, in United States v. Eckford, 6 Wall. 484, 18 L. Ed. 920, it is said, "Right of set-off, properly so called, did not exist at common law, but is founded on the statute of 2 Geo. II. c. 24, § 4." Instead of leaving the question of set-off to be determined under the variant statutes of the several states, congress, by the enactment of section 68, laid down the uniform rule to be followed in bankruptcy cases with respect to matters of set-off, and it is entirely clear that it is not the intent of the section to include mere matters of payment or defense within the terms "mutual debts or mutual credits." In the absence of any statutory enactment, it would be open to the trustee to show in opposition to the allowance of a claim that it had been paid, or to reduce the amount thereof by proof of partial payments; and it is clear, therefore, that section 68 was not enacted to secure this right, but it was enacted to declare the rule governing matters of mutual debits and credits not included within the rule applicable to payments upon account. If the contention of the claimants in this case should be sustained, it would result in the conclusion that in all cases wherein the trustee sought to recover back preferences received in violation of the act the recipient could set off the amount of the original debt due him from the bankrupt, and thus in every case defeat the recovery of the preference. A construction of this section which would thus completely defeat one of the main purposes of the act as a whole cannot be sustained.

The remaining question presented for review, briefly stated, is whether the set-off of a new credit, without security, provided for in clause "c" of section 60, is available to a creditor as against a preference he is required to surrender in order to secure the allowance of his claim under clause "g" of section 57. On behalf of the trustee it is contended that by its terms clause "c" applies only to the cases provided for in clause "b" of section 60, whereas on behalf of the claimants it is contended that the set-off thus provided for should be held applicable to the cases coming under clause "g" of section 57. It is not to be denied that there is much force in the contention of the claimants that equitably there is as good reason for allowing

the set-off in the one case as in the other, but the point for decision is whether the language of the section does not limit the set-off to one class of cases, to wit, those wherein a recovery of the preferences is sought from the creditors. The section declares that the set-off shall be against the amount which would otherwise be recoverable against the creditor receiving the preference, and, as no recovery against the creditor can be had except under the provisions of the preceding clause "b" of the section, it must be held that these two clauses, read together, define the cases wherein a new credit may be allowed as a set-off; and the court cannot, on supposed equitable considerations, read into the section cases not covered by its terms, but which are included in clause "g" of section 57. This question, as well as all others arising in the case, is so fully and ably considered in the opinion filed by Referee James that it is unnecessary for the court to further elaborate its conclusions upon the questions certified up by the referee, it being sufficient to say that the court affirms the ruling of the referee to the effect that a payment of money to apply upon a debt due is a transfer of property within the meaning of clause "a" of section 60; that payments made from time to time to apply on a running account do not constitute mutual debits or credits within the meaning of section 68; that the set-off rendered available to a creditor by the provisions of clause "c" of section 60, when sued under the provisions of clause "b," is not applicable to the surrender required by clause "g" of section 57; and that under the facts of this case the claimants, Van Patten & Marks, in order to secure an allowance of their claims against the bankrupt estate, must surrender to the trustee the preferences by them received in the nature of payments made upon the account since the insolvency of the bankrupt.