## In re RYAN.

(District Court, N. D. Illinois, N. D.    July 26, 1900.)

No. 2,657.

**1. BANKRUPTCY—PREFERENCES—SET-OFF.**

Under Bankr. Act 1898, § 68a, providing that in cases of mutual debts or credits between the estate of a bankrupt and a creditor the account shall be stated between them, and only the balance allowed or paid, cash payments on account, made within four months of the filing of the petition, are not such debts or credits as entitle the creditor to state the account, and hold the bankrupt only for the balance found.

**2. SAME—NEW CREDIT.**

Bankr. Act 1898, § 60c, providing that if a creditor has been preferred, and afterwards in good faith gives the debtor further credit, without security, for property which becomes part of the bankrupt estate, the amount of such new credit, unpaid at the time of the adjudication, may be set off against the amount otherwise recoverable from such creditor, is not restricted to cases where the trustee sues the creditor to recover the amount of the preference, but the creditor may claim the set-off where the trustee merely refuses to allow the claim till the surrender of the preference.

In Bankruptcy.

Newman, Northrup & Levinson, for trustee.

KOHLSAAT, District Judge.   I am of the opinion that the mutual debits and credits contemplated by section 68a, Bankr. Act, do not include cash payments on account within four months of the filing of the petition against the bankrupt, and that the referee's finding herein that creditors should be permitted to have an accounting of all transactions between them and the bankrupt, both prior to and during such four months, and to have their claims allowed for the balance shown by such accounting, is not sustainable.   With reference to section 60c, I do not think that the word "recoverable," in the last line thereof, should be held to dominate the meaning of the entire section.   The whole paragraph, until this word is reached, covers as well the creditor who receives a preference without, as one who receives a preference with, reasonable cause to believe it to be intended as such.   Reasoning from general business experience, it is extremely difficult to imagine a case in which a creditor would give a debtor further credit "in good faith" after a knowledge of the latter's insolvency.   Giving the word "recoverable" its strict legal significa- tion, the decision of Judge Shiras in Re Christensen (D. C.) 101 Fed. 802, is undoubtedly correct; but the wording of the entire section is so general and untechnical that I, am impressed with the belief that the word "recoverable" therein was intended to convey its lay mean- ing, and was not used in its strict legal sense.   The injustice which would follow a construction differentiating between creditors who voluntarily surrender their preferences, in favor of the one who would be compelled to do so at the end of a lawsuit if he did not make the surrender voluntarily, should certainly have weight in the mind of the court in aiding it to arrive at the meaning of congress as em-

braced in the entire section. The ruling of the referee is reversed, with directions to proceed in the matters in question herein in accordance with the above construction of section 60c.

---

## In re MORALES et al.

### (District Court, S. D. Florida. January 10, 1901.)

BANKRUPTCY—BASIS OF ADJUDICATION—CLAIM FOR BREACH OF WARRANTY.

    A claim for damages for breach of warranty, though based on a contract, is not one founded on a contract, within Bankr. Act 1898, § 63, subd. "a," cl. 4, so as to permit it to be the basis of an adjudication in bankruptcy, but is such an unliquidated claim as, after such an adjudication, may, under section 63, subd. "b," be liquidated as directed by the court.

Petition of George S. Nicholas for Adjudication of Involuntary Bankruptcy.

F. M. Simonton, for petitioner.
Gunby & Gibbons, for defendant.

LOCKE, District Judge. The foundation of the claim upon which the petition for adjudication of involuntary bankruptcy against the defendant corporation, as stated in the petition, is an alleged warranty contained in a contract for sale of cigars made in June, 1898. The allegation of the petition is that at that time a contract was made for the sale of certain cigars, to be made of clear Havana. This contract appears by the petition to have been in force for a year and seven months, during which time it is alleged that upward of $70,000 worth of cigars were bought, accepted, received, and paid for. Nine months after the termination of said contract it is claimed that there was a breach of warranty for all of that time, and that the goods accepted and paid for were not made of clear Havana, but to a certain extent of domestic tobacco, and were worth 20 per cent. less than those warranted to be delivered. The only question is, is this a provable claim that would justify a court of bankruptcy in declaring the corporation a bankrupt, and permitting this creditor to come in and elect a trustee to take possession of the assets of the bankrupt and control the defense of this suit, it being admitted in argument that there are no other creditors of any importance? The ancient rule and practice was that a breach of an alleged warranty, although based on a contract, was not an action for the performance or fulfillment of the contract, but was an action on the case sounding in tort, and could only be presented as such. Stuart v. Wilkins, 1 Doug. 18; Schuchardt v. Allen, 1 Wall. 359, 17 L. Ed. 642. In this case there was no contract, expressed or implied, that the defendant would pay to the petitioner any amount of money. It is only the force of law that gives damages for the breach of a warranty in such a case. I consider that it should be classed with actions for tort, deceit, or fraud, rather than contract, such as is contemplated in section 63, subd. "a," cl. 4, of the law of bankruptcy. The result of this petition, if the defendant should be adjudicated a bankrupt and a trus-