McKEY v. LEE et al.

(Circuit Court of Appeals, Seventh Circuit. January 2, 1901.)

No. 720.

BANKRUPTCY—PREFERENCES—DEDUCTION OF NEW CREDITS.

Bankr. Act 1898, § 60c, providing that "if a creditor has been preferred, and afterwards in good faith gives the debtor further credit without security of any kind for property which becomes a part of the debtor's estate, the amount of such new credit remaining unpaid at the time of the adjudication in bankruptcy may be set off against the amount which would otherwise be recoverable from him," entitles such a creditor to a deduction of the amount of the new credits from the preferences which he is required to surrender before proving his claim, and is not limited in its application to cases where the trustee sues to recover the preferences.

Appeal from the District Court of the United States for the Northern Division of the Northern District of Illinois.

The facts are not disputed, having been agreed upon before the referee, and in the District Court, as follows:

1. "That on the 17th day of January, A. D. 1900, said Patrick F. Ryan duly filed his voluntary petition in bankruptcy herein, and was on the same day duly adjudicated a bankrupt. That the first meeting of creditors was duly held, and said Edward B. McKey at said meeting of creditors was duly elected trustee for said bankrupt, and at once qualified, and has been acting as such trustee since the time of his election.

2. "That said Patrick F. Ryan was on said 17th day of January, A. D. 1900, and for four months next prior thereto had been insolvent, and that the fair cash value of his assets was and had been during the whole of said four months less than the amount of his liabilities by at least the sum of twenty thousand dollars, but that the said Lee, Tweedy & Co., claimants, were not aware of such insolvency, and had no reasonable cause to believe, up to the time of the filing of said petition in bankruptcy herein, that said Patrick F. Ryan was insolvent.

3. "That on the 17th day of September, A. D. 1899, said bankrupt was indebted to said Lee, Tweedy & Co. in the sum of $874.52.

. 4. "That said Lee, Tweedy & Co. received from said bankrupt, in the regular course of business, without knowledge of the insolvency of said Patrick F. Ryan, the following sums of money:

"On the 3d day of October, A. D. 1899, the sum of $500; on the 18th day of October, A. D. 1899, the sum of $334.56, and on the 22nd day of December, A. D. 1899, the sum of $500, making a total of $1,334.56 so received; that said several sums were received by said Lee, Tweedy & Co. in part payment of and duly credited upon the account and claim of said Lee, Tweedy & Co. against said bankrupt.

5. "That said Lee, Tweedy & Co. sold and delivered merchandise to said bankrupt within the four months next preceding the time of the filing of said petition in bankruptcy herein, as follows:

| | |
|---|---:|
| On September 23, 1899 | $ 93.84 |
| On September 23, 1899 | 1,050.10 |
| On September 23, 1899 | 112.50 |
| On September 25, 1899 | 184.00 |
| On September 28, 1899 | 196.68 |
| On September 28, 1899 | 35.61 |
| On September 28, 1899 | 23.05 |
| On October 3, 1899 | 63.82 |
| On October 3, 1899 | 359.43 |
| On October 21, 1899 | 231.25 |
| On December 1, 1899 | 54.00 |
| On December 2, 1899 | 175.75 |
| On December 2, 1899 | 34.50 |

Total amount of merchandise sold and delivered by said claimants within said period of four months.......... $2,614.53

6. "That on the 6th day of February, A. D. 1900, said Lee, Tweedy & Co. duly filed their claim against said estate for the sum of twenty-one hundred and eight dollars ($2,108).

7. "That on the 13th day of April, A. D. 1900, said trustee duly filed the following objections to said claim of Lee, Tweedy & Co.

" 'Now comes Edward B. McKey, trustee of said estate, and objects and excepts to the claim of Lee, Tweedy & Co., which claim was proved and filed herein on the 6th day of February, A. D. 1900, and was allowed on the 6th day of February, A. D. 1900, for the sum of $2,108, and for cause of said objection and exception shows that said Lee, Tweedy & Co. have received a preference, that is to say, the said Patrick F. Ryan, while insolvent, paid to said Lee, Tweedy & Co. the amount of $1,334.56, within the four months next preceding the time of the filing of the petition in bankruptcy herein.

" 'Wherefore the said Edward B. McKey, trustee, prays that the said claim be reconsidered, and that an order be entered herein disallowing the said claim, unless said claimant shall surrender said preference.' "

Upon this statement of facts the referee ordered that the objections of the trustee be overruled, and allowed the claim of Lee, Tweedy & Co. for the sum of two thousand one hundred and eight dollars.

Upon the hearing in the District Court this order was reversed, and in its stead it was ordered that the said claim of Lee, Tweedy & Co. for the sum of two thousand, one hundred and eight dollars be disallowed, unless said Lee, Tweedy & Co. should, within ninety days, surrender to the trustee the sum of five hundred dollars; and that upon such surrender the claim of Lee, Tweedy & Co. should be allowed for the sum of two thousand, six hundred and eight dollars. It was further ordered that the objections of the trustee to the allowance of said claim, unless and until the said Lee, Tweedy & Co. surrender the sum of one thousand, three hundred and thirty-four dollars and fifty-six cents, be overruled.

From this ruling of the District Court the appeal was prosecuted.

S. A. Levinson, for appellant.

Charles F. Harding and T. O. Bunch, for appellees.

Before WOODS and GROSSCUP, Circuit Judges, and BUNN, District Judge.

After the foregoing statement of the case, GROSSCUP, Circuit Judge, delivered the opinion of the court, as follows:

Paragraph (g), section 57, of the Bankruptcy Act, provides:

"The claims of creditors who have received preferences shall not be allowed unless such creditors shall surrender their preferences."

Paragraph (a), section 60, provides:

"A person shall be deemed to have given a preference if, being insolvent, he has procured or suffered a judgment to be entered against himself in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class."

Paragraph (b), section 60, provides:

"If a bankrupt shall have given a preference within four months before the filing of a petition, or after the filing of the petition and before the adjudication, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person."

Paragraph (c), section 60, provides:

"If a creditor has been preferred, and afterwards in good faith gives the debtor further credit without security of any kind for property which becomes a part of the debtor's estate, the amount of such new credit remaining unpaid at the time of the adjudication in bankruptcy may be set off against the amount which would otherwise be recoverable from him."

Appellant insists that the payments made to Lee, Tweedy & Co.—one thousand, three hundred and thirty-four dollars and fifty-six cents—the 17th of September, 1899, (that being the beginning of the four months' period previous to the bankruptcy) were a preference, within the meaning of section 60, and that under paragraph (g), section 57, there must be a return of these payments, before the claim can be allowed.

The District Court held that the sale of goods to the bankrupt, after the payments, amounted, within the meaning of paragraph (c), section 60, to a further credit, in good faith, without security, of property going into the bankrupt's estate; and set off the value of such property against the payments, requiring, as a condition to the allowance of the claim, a return only of the surplus payment.

Counsel for appellant contend that paragraph (c), section 60, is not applicable to the facts stated; that it is intended to affect cases only where the trustee seeks to recover, by suit, preferential payments made to a person having had reasonable cause to believe that a preference was intended as provided for in paragraph (b), section 60; that the employment of the word "recoverable" shows that such a limitation of the right of set off was intended.

We cannot concur in this interpretation. Confessedly, it would limit the right of set off to those only, who, having received the preference knowingly, chose to stand out against its return to the trustee. The creditor willing to make return, without the delay and expense of

a suit by the trustee, even though the preferential payments had been innocently received, could exercise this impulse toward obedience with the law, only under penalty of losing what otherwise his recalcitrancy would have secured him. We ought not to lean toward an interpretation that would thus put the consenting creditor at a disadvantage, and afford a premium to the designing creditor.

There is nothing in the employment of the word "recoverable" that forces such an interpretation. The primary definition of the word is to "regain," to "get back again." Cent. Dict. A thing is "recoverable" when it is susceptible of being "regained," "gotten back." The law provides, alternatively, for the regaining of the preferential payments by the trustee, first by visiting the creditor with the danger of a penalty—the disallowance of any portion of his claim; and, secondly, in case of the knowing creditor, the right upon the part of the trustee to bring a suit. In either case the payments are gotten back,—there is a recovery,—and in both,—whether under stress of the penalty or by virtue of a suit,—it is the law that makes them recoverable.

Such interpretation compasses the reasonable purpose of the provision. It leaves the estate unimpaired; for the property of the creditor coming into the debtor's estate is presumably the equivalent of the money value at which it was purchased. It, in substance, simply cancels the effect of the preference, to the extent, only, that such preference no longer harms the interests of the other creditors.

The order will be affirmed.