## In re SOUTHERN OVERALLS MFG. CO.

(District Court, N. D. Georgia. October 19, 1901.)

### No. 612.

BANKRUPTCY—PREFERENCES—DEDUCTION OF NEW CREDITS.

Bankr. Act 1898, § 60c, entitles a creditor who has received preferential payments on account, but who has extended further credit as therein specified, to a deduction of the amount of such new credits from the preferences he would otherwise be required to surrender before proving the remainder of his debt, and is not limited in its application to cases where the trustee sues to recover the preferences.

In Bankruptcy. On exceptions of Cone Export & Commission Company, a creditor, to decision of referee.

King & Spalding and J. T. Pendleton, for exceptors.
Rosser & Carter and King & Anderson, for trustee.
Slaton & Phillips, for bankrupt.

NEWMAN, District Judge. The question presented by the exceptions to the decision of the referee is whether, as against a payment made within four months and required to be refunded before proof of claim can be allowed, under section 57g of the bankruptcy act, a creditor can set off the amount of new credit given, as provided in section 60c. The question, stated in another way, is whether the provisions of section 60c refer only to cases covered by paragraph "b" of the same section, where the trustee is authorized to recover because the preference was knowingly received, or whether it refers also to payments made before proof can be allowed, under 57g. In the case of the present exceptor, in some instances after a payment within four months was made by the bankrupt company, goods were sold to it to an amount in excess of the payment previously made, but the creditor only asks to set off the value of the goods so sold, and going into the bankrupt's estate, in an amount equal to the immediately preceding payment. On an accounting even in this way, however, a balance is left to be returned by the creditor, which he offers to pay.

There have been conflicting opinions on this question. The cases holding that paragraph "c" of section 60 is confined to cases arising under the provisions of paragraph "b" of the same section are In re Christensen (D. C.) 101 Fed. 802, decided by District Judge Shiras, of the Northern district of Iowa; In re Arndt (D. C.) 104 Fed. 234, by District Judge Seaman, of the Eastern district of Wisconsin; In re Keller (D. C.) 109 Fed. 118, by Judge Shiras, and In re Oliver, Id. 784, by District Judge Phillips, of the Western district of

Missouri. Those which hold that the provisions of 60c extend to cases under 57g, where repayment of amount received within four months is necessary to proof of debt, are McKey v. Lee, 45 C. C. A. 127, 105 Fed. 923, by the circuit court of appeals of the Seventh circuit; In re Ryan (D. C.) 105 Fed. 760, by District Judge Kohlsaat, of the Northern district of Illinois; and In re Seckler (D. C.) 106 Fed. 484, by District Judge Hook, of the Northern district of Kansas.

If the contention of counsel for the trustee in this case is correct, then this remarkable situation is presented: The creditor who had received a payment within four months would be approached by the trustee with a demand for the surrender of the preference, and with the statement that the creditor knew at the time he received it that the debtor was insolvent. The creditor might say: "Yes; I received the preference knowingly, and concede that you can recover it, and am ready to pay it back; but since I have received the payment I have in good faith sold a bill of goods to the bankrupt, which has gone into his estate, and I wish to credit the amount of that bill on the amount of the payment received." The trustee could do nothing but accept it. The payment would clearly be one recoverable under section 60b, and in that case there would be no doubt of the right of the creditor to set off the amount of goods subsequently sold against the payment from the insolvent debtor knowingly received within four months.

On the other hand, a creditor who had received a payment without any knowledge whatever of the debtor's insolvency, and without any reason to believe that he was insolvent, and who had afterwards sold goods in good faith, which had become a part of the bankrupt's estate, could not be permitted to set off the amount of goods so sold against the payment. The creditor, therefore, who may be called the guilty creditor, would receive a benefit which an entirely innocent creditor would not be allowed. It would require the most explicit language in the act to justify a court in concluding that congress intended any such result.

But it is said, in reply to this view, that a creditor who knowingly receives a preference cannot prove his debt against the bankrupt's estate, and that the innocent creditor, having repaid his preference, can do so. This contention is not justified by any provision in the bankruptcy act of 1898. The most that can be said of the authorities on this subject under this act, or probably under the act of 1867, is that a creditor who knowingly receives a preference can only be prevented from proving his debt when he compels the trustee to sue the demand against him for the preference to judgment, and after judgment has been obtained against him. A large number of decisions under the old act are collated and referred to in Coll. Bankr. (3d Ed.) pp. 319, 320, and the result of these decisions seems to be that, under the act of 1867, a surrender of a preference, although knowingly received, could be made at any time before judgment.

Even the case of In re Richter's Estate, 1 Dill. 544, Fed. Cas. No. 11,803, cited by counsel for the trustee, does not contain anything contrary to this view. The decision by Circuit Judge Dillon is made

under the act of 1867, and there is a discussion of the effect of sections 23 (Rev. St. § 5083), 35 (Rev. St. § 5128), and 39 (Rev. St. § 5021) of that act. After deciding that a creditor, who had knowingly, and in fraud of the act, received a payment, and had refused to surrender it, and had been sued to judgment, and had then paid the judgment, could not afterwards prove his claim, the part of the opinion material here is as follows:

"As a further argument in support of the opinion above expressed, it may be urged that, when section 23 is read in connection with sections 35 and 39, all being in pari materia, it will be seen that the surrender provided for in section 23 is an act to be done by the creditor before the recovery of a judgment against him, as provided by section 35. That is, the assignee may demand of the creditor the property received by him. If he surrenders it, he stands upon the same plane as the creditors, and may prove his debt and receive his dividends. If he refuses to surrender it, the assignee may sue as provided in section 35; and if he recovers, and payment be made on an execution, this is not a surrender (which implies voluntary action on the part of the creditor), but a refusal to surrender. So that the bankrupt act says decisively to every person who, under the circumstances specified, has received a preference: 'Surrender what you have received, and you shall lose nothing. If you refuse, and the assignee recovers the property or its value, you shall get nothing. Make your election.' When this election may be made we are not now required to decide, further than to hold that it is too late to make it after the recovery of judgment by the assignee."

In the case of Burr v. Hopkins, 12 N. B. R. 211, Fed. Cas. No. 2,192, it was held in the circuit court for the Eastern district of Wisconsin that even after an opinion had been given by the court, and after findings of fact had been made, but before the actual entry of the judgment, a creditor might surrender his preference, and be authorized to prove his claim.

If it is true that under the act of 1867 a preference could be surrendered at any time before judgment, so as to authorize proof of the debt, it is certainly true under the present act. Therefore, in a large class of cases covered by clause "b" of section 60, the creditor would have the right to prove his debt. This is assuming that the restriction is as great against the proof of claims in this respect under the act of 1898 as it was under the act of 1867, which is not at all clear. So we see that, notwithstanding the payment is one which would be "recoverable," the creditor may still prove his debt if he surrenders his preference, and the only qualification to this is that he probably cannot do so, even under this act, after he has allowed suit to be brought, and has resisted it up to judgment. The argument, consequently, that that class of creditors receiving payments, and who are subject to the provisions of 60b of the act, cannot be allowed to prove their claims, and that there is that distinction between them and the class referred to in 57g, falls to the ground.

In McKey v. Lee, supra, Circuit Judge Grosscup, after citing the different clauses of the act on which the question depends, uses this language:

"Appellant insists that the payments made to Lee, Tweed & Co. (one thousand three hundred and thirty-four dollars and fifty-six cents), the 17th of September, 1899 (that being the beginning of the four-months period previous to the bankruptcy), were a preference, within the meaning of section 60, and that under paragraph 'g,' § 57, there must be a return of these pay-

ments before the claim can be allowed. The district court held that the sale of goods to the bankrupt, after the payments, amounted, within the meaning of paragraph 'c,' § 60, to a further credit, in good faith, without security, of property going into the bankrupt's estate, and set off the value of such property against the payments; requiring, as a condition to the allowance of the claim, a return only of the surplus payment. Counsel for appellant contend that paragraph 'c,' § 60, is not applicable to the facts stated; that it is intended to affect cases only where the trustee seeks to recover, by suit, preferential payments made to a person having had reasonable cause to believe that a preference was intended, as provided for in paragraph 'b,' § 60; that the employment of the word 'recoverable' shows that such a limitation of the right of set-off was intended. We cannot concur in this interpretation. Confessedly, it would limit the right of set-off to those only who, having received the preference knowingly, chose to stand out against its return to the trustee. The creditor, willing to make return, without the delay and expense of a suit by the trustee, even though the preferential payments had been innocently received, could exercise this impulse towards obedience with the law, only under penalty of losing what otherwise his recalcitrancy would have secured him. We ought not to lean towards an interpretation that would thus put the consenting creditor at a disadvantage, and afford a premium to the designing creditor. There is nothing in the employment of the word 'recoverable' that forces such an interpretation. The primary definition of the word is to 'regain'; to 'get back again.' Cent. Dict. A thing is 'recoverable' when it is susceptible of being 'regained'; 'gotten back.' The law provides alternatively for the regaining of the preferential payments by the trustee—First by visiting the creditor with the danger of a penalty,—the disallowance of any portion of his claim; and, secondly, in case of the knowing creditor, the right upon the part of the trustee to bring suit. In either case the payments are gotten back,—there is a recovery,—and in both, whether under stress of the penalty or by virtue of a suit, it is the law that makes them recoverable. Such interpretation compasses the reasonable purpose of the provision. It leaves the estate unimpaired; for the property of the creditor coming into the debtor's estate is presumably the equivalent of the money value at which it was purchased. It, in substance, simply cancels the effect of the preference, to the extent only that such preference no longer harms the interests of the other creditors."

This is a decision by the circuit court of appeals of another circuit, which must be regarded as high authority. There has been no decision on the subject by the circuit court of appeals of this circuit.

In Re Ryan, supra, the opinion by Judge Kohlsaat is brief, and is as follows:

"I am of the opinion that the mutual debits and credits contemplated by section 68a, Bankr. Act, do not include cash payments on account within four months of the filing of the petition against the bankrupt, and that the referee's finding herein that creditors should be permitted to have an accounting of all transactions between them and the bankrupt, both prior to and during such four months, and to have their claims allowed for the balance shown by such accounting, is not sustainable. With reference to section 60c, I do not think that the word 'recoverable,' in the last line thereof, should be held to dominate the meaning of the entire section. The whole paragraph, until this word is reached, covers as well the creditor who receives a preference without, as one who receives a preference with, reasonable cause to believe it to be intended as such. Reasoning from general business experience, it is extremely difficult to imagine a case in which a creditor would give a debtor further credit 'in good faith' after a knowledge of the latter's insolvency. Giving the word 'recoverable' its strict legal signification, the decision of Judge Shiras in Re Christensen (D. C.) 101 Fed. 802, is undoubtedly correct; but the wording of the entire section is so general and untechnical that I am impressed with the belief that the word 'recoverable' therein was intended to convey its lay meaning, and was not used

in its strict legal sense. The injustice which would follow a construction differentiating between creditors who voluntarily surrender their preferences, in favor of the one who would be compelled to do so at the end of a lawsuit if he did not make the surrender voluntarily, should certainly have weight in the mind of the court in aiding it to arrive at the meaning of congress as embraced in the entire section. The ruling of the referee is reversed, with directions to proceed in the matters in question herein in accordance with the above construction of section 60c."

In Re Seckler, supra, in the opinion by Judge Hook, this language is used:

"Some of the creditors who had thus innocently secured preferences by receiving payments on their accounts thereafter in good faith gave the debtor further credit, without security, for property which became a part of the debtor's estate, and such new credits remained unpaid at the time of the adjudication in bankruptcy. The question in this connection is whether such a creditor is entitled to have his new credit set off against the preference which he is called upon to surrender as a condition to the allowance of his claims. Clause 'b' of section 60 of the bankrupt act of 1898 provides that, if a preference is received with reasonable cause on the part of the creditor or his agent acting in the matter to believe that it was intended as a preference, it shall be voidable by the trustee, who may, under such circumstances, maintain an action to recover the property or its value. Clause 'c' of the same section provides that if a creditor has been preferred, and afterwards in good faith gives the debtor further credit, without security, for property which becomes a part of the debtor's estate, the amount of the new credit remaining unpaid at the time of the adjudication in bankruptcy may be set off against the amount which would otherwise be recoverable from him. The rule in respect of a preference innocently received, without reasonable cause for belief that a preference was intended, is that an affirmative action for its recovery cannot be maintained by the trustee, but the creditor will be denied the right to have his claims against the bankrupt's estate allowed, unless he surrenders the preference. The solution of the question under consideration turns upon the interpretation to be given to the term 'recoverable,' as used in clause 'c' of section 60. The new credit can only be set off against a preference that is recoverable from the creditor. It has been held in some jurisdictions that, in order that a new credit may be used as a set-off against a preference previously received, the preference must be one that is recoverable in an action brought by the trustee for that purpose,—that is to say, a preference received with reasonable cause for belief that it was so intended; that the new credit cannot be the basis of a set-off against a preference innocently received, for the reason that such a preference is not one that is 'recoverable.' In re Christensen (D. C.) 101 Fed. 802; In re Arndt (D. C.) 104 Fed. 234. I am of the opinion that this interpretation is too restricted, and is not in harmony with the equitable spirit of the bankrupt act. The term 'recoverable,' in its larger and more popular sense, implies a capability of being obtained by course of law. 'Recovery,' as a legal expression, signifies a restoration of a right by means of a judicial proceeding; and it is not material whether it is the result of a proceeding especially instituted for that purpose, or is by law made a condition to the accomplishment of some other purpose for which suit is brought. If a preference is not received in good faith, the trustee may institute suit for it. If it is innocently received, the trustee may not maintain suit therefor, but the creditor is compelled to surrender it as a condition to the maintenance of a proceeding for the allowance of his demands. In either event, the preference is recoverable. In either case, there is a restoration of a right by course or process of law. Whenever the creditor presents for allowance the balance due upon his old claims or the new credits extended to his debtor, the amount or value of the preference received by him must be surrendered as a condition to the award which he seeks. There are many rights, especially of an equitable nature, which may properly be said to be recoverable, but which await for their enforcement the initiative of the person against whom they rest. This conclusion is concededly a most equitable

one, and it is well within the spirit and a liberal interpretation of the letter of the bankrupt act. There is another consideration which tends to the same result. The new credit, to be available as a set-off against a preference received, must under clause 'c' have been afterwards given in good faith. If the preference were innocently received, it might well be that a subsequent credit could be so given; but, if the preference were not innocently received, it is more difficult to perceive how the creditor could thereafter, within the limited period, and in good faith, extend a new credit to his debtor. The ruling of the referee upon this question will be set aside."

Nothing need be added to what is so well said in the foregoing quotations as to the meaning of the word "recoverable" and the sense in which it is used in the act.

It is urged here that the use of the expression "set-off" in section 60c adds force to the argument that "recoverable" is used in a restricted sense, and refers only to payments which may be recovered back by suit. I do not agree with this argument. "Set-off," as used in this section, in common parlance, or even as a legal expression, may as well express an allowance against what is required to be surrendered under 57g as against that which may be recovered by suit under 60b. This view is sustained by the use of this term as it appears in section 68, cls. "a," "b."

In Pirie v. Trust Co., 21 Sup. Ct. 906, 45 L. Ed. 1171, in the opinion by Mr. Justice McKenna, this language is used: "Nor, again, do we find anything which militates against our conclusion in subdivison 'c' of section 60. That subdivision is applicable to the cases arising under 'b,' and allows a set-off which otherwise might not be allowed." It is not clear that it was intended by this language to express an opinion upon the question now before this court. The question which was being discussed, and which was determined, was whether payments received when the creditor did not know or have reasonable cause to believe that the payments were intended to give a preference, and the debtor did not intend to give a preference, must be surrendered before proof of claim can be allowed under section 57g. The decision of the question here was in no way necessary to a decision of the question there. This expression by the supreme court certainly cannot be regarded as a decision of the important question involved in the case at bar.

The action of the referee is disapproved, and the case will be referred back to him, with instructions to allow as a set-off credits for the amount of goods sold in good faith and without security, which became a part of the debtor's estate.