In re DICKSON et al.

DICKSON et al. v. WYMAN.

(Circuit Court of Appeals, First Circuit. November 15, 1901.)

Nos. 341, 344.

1. BANKRUPTCY—PROVABLE CLAIMS—SURRENDER OF PREFERENCES.

A creditor who received payments made him by a debtor while insolvent is required by Bankr. Act. 1898, § 57g, to surrender the same before he can prove any claim against the estate; and it is immaterial that such payments were made and received in good faith, in the usual course of business, without intention on the part of the debtor to give a preference, or reasonable cause on the part of the creditor to believe the debtor insolvent. It is also immaterial that the payments were made on different debts from those sought to be proved. Pirie v. Trust Co., 21 Sup. Ct. 906, 182 U. S. 428, 45 L. Ed. 1171, applied.

2. SAME—EFFECT OF GIVING NEW CREDITS.

Bankr. Act 1898, § 57g, providing that "the claims of creditors who have received preferences shall not be allowed unless such creditors shall surrender their preferences," will not be so construed as to require a creditor to surrender partial payments received by him on account in the usual course of business, where the transactions covered by the account between them, taken together, resulted in increasing the net indebtedness to the creditor, and correspondingly increasing the bankrupt's estate.

3. SAME—ORDERS ALLOWING OR REJECTING CLAIMS—MODE OF REVIEW.

The proper procedure for the review of an order of a court of bankruptcy allowing or rejecting a claim exceeding $500 is by appeal, and not by petition for review.

4. SAME—COSTS IN APPELLATE COURT.

Where proceedings for the review of an order of a court of bankruptcy are dismissed by the appellate court for want of jurisdiction, without any motion therefor, neither party will be allowed costs.

5. SAME.

On an appeal against a trustee from an order in bankruptcy, where such order is reversed on a ground not assigned or urged by appellant, costs will not be allowed to either party.

Petition for Revision of Proceedings and Appeal from the District Court of the United States for the District of Massachusetts, in Bankruptcy.

Henry D. Hotchkiss and Richard B. Aldcroft, for petitioners and appellant.

Thomas H. Gage, Jr., for respondent and appellee.

Before COLT and PUTNAM, Circuit Judges, and WEBB, District Judge.

PUTNAM, Circuit Judge. These cases were argued in October, 1900, and the determination of them has been delayed by reason of the pendency in the supreme court of Pirie v. Trust Co., now reported in 182 U. S. 438, 21 Sup. Ct. 906, 45 L. Ed. 1171, involving a question underlying those at issue here. The controversy arose out of the following provision in the act establishing a uniform system of bankruptcy, approved on July 1, 1898 (paragraph "g" of section 57):

"The claims of creditors who have received preferences shall not be allowed unless such creditors shall surrender their preferences."

Other provisions of the statute bearing on the construction of this paragraph are given in the decision of the supreme court referred to, and they are conveniently grouped in McKey v. Lee, 45 C. C. A. 127, 105 Fed. 923, 925, to which we will also again refer, so that it is needless to now recite them at large.

These proceedings were instituted by creditors the proof of whose claim was stricken out by the district court, basing its action on the provision of the statute which we have quoted. It appears that the creditors had been dealing with the bankrupt, selling him merchandise from time to time at short intervals, and receiving payments therefor substantially every month, each sale being paid for by itself; that is to say, each bill of merchandise sold one month was separately paid for the succeeding month, or soon after. The sales, however, and the payments, were entered to the same running account, so that, so far as the mere form of ledger entries is concerned, the transactions were continuous. The proof was made up of several items of merchandise sold as stated, on none of which had any payment been made.

It is consequently claimed by the creditors that, so far as the sales in proof are concerned, they received no payment during the four months preceding the bankruptcy; and they also claim that whatever payments they received were in the ordinary course of business, without any intention on the part of the debtor to prefer them, and without reasonable cause on their part to believe him insolvent. All the facts thus set up by the creditors are conceded by the trustee in bankruptcy, who is the party proceeded against in this court. Nevertheless the district court, justly feeling itself bound to follow the decisions of the circuit courts of appeals in other circuits, and finding that the creditors had actually received payments for other merchandise within four months, rejected the proof. Afterwards came the opinion in Pirie v. Trust Co., 182 U. S. 438, 21 Sup. Ct. 906, 45 L. Ed. 1171, already referred to, sustaining the action of the district court so far as concerns the lack of any intention on the part of the debtor to prefer, and the lack of any reasonable cause on the part of the creditors to believe that he was insolvent. The supreme court, however, did not pass in terms on the other proposition; that is to say, that arising from the fact that no payment had been made during the period of four months on account of any merchandise the price of which constitutes any particular item offered to be proved; but its line of reasoning and some expressions contained in its opinion sustain the decree appealed from, so far as this is concerned. The construction given by that court to the statute is a literal one. Carrying this method of construction to its legitimate conclusion, it must be observed that paragraph "g" of section 57 classifies according to creditors, and not according to claims; and, so far as creditors who have received preferences are concerned, it makes no limitation with reference to the claims offered by them for proof. So long as the statute is to receive a literal construction in the manner applied by the supreme court, we cannot avoid the conclusion that any cred-

itor who has received a payment, under the circumstances which we have stated, without more appearing, must comply with paragraph "g" before he can prove any claim whatever.

There is one view of the pending cases, however, which is not touched on by the supreme court, and which apparently was not brought to the attention of the district court. Moreover, it has not been brought to our attention by the parties. Yet, if we affirm the decree below, the result would do such gross injustice, and would also establish so unfortunate a precedent, that we cannot overlook the matter.

The account current between the creditors and the bankrupt shows that, month by month, payment was made for the precise amount of merchandise sold the previous month, as we have already said. The petition in bankruptcy was filed on December 13, 1899. Going back four months, the last transaction prior thereto was on August 10th, which was a sale of merchandise amounting to $128.20. There had also been a sale on August 7, 1899, amounting to $676.01. The total of these two sales was $804.21. On the 13th day of August, just four months before the petition was filed, the bankrupt owed the creditors only this amount of $804.21. The prices of all merchandise sold before that day had been paid, the last payment having been made on August 8th. The account shows the subsequent transactions by virtue of which, although payments were made as already stated, the indebtedness was increased during the four months ending December 13th from $804.21 to the amount proved, $2,174.20, —a net increase of indebtedness during that period of $1,369.99.

While the supreme court has adopted a literal construction of the statute in question, and we are bound to follow it, there must nevertheless be a limit to that method of interpretation, and these cases reach it. It is beyond all reason to hold, because a creditor has, in the ordinary course of business, during the four months preceding bankruptcy, received payments which under some circumstances might operate as a preference in some views of the law, that that fact can be held to bar the proof of his claim, when, looking at all the transactions together, they demonstrate not only that they were without any intention to acquire any unjust preference, but also that they have increased the net indebtedness to the creditor, and correspondingly increased the bankrupt's estate. In order to avoid so unreasonable a result, we might say that all the transactions covered by the account current should be regarded as one, so that it could not be held that the effect of the payments was to enable the creditors at bar to obtain a greater percentage of their debt than any other creditor of the same class, within the meaning of paragraph "a" of section 60. A result was reached under similar circumstances by the circuit court of appeals for the Seventh circuit in McKey v. Lee, 45 C. C. A. 127, 105 Fed. 923, already referred to, by giving a construction to paragraph "c" of section 60 beyond what its letter calls for; but we prefer to put the result on the broad ground that in the absence of positive and direct expressions, evidently intended to accomplish a particular purpose, the ordinary

rules of construction require us to avoid interpreting this statute so as to effectuate so unreasonable a purpose. In this view, the decree of the court below should be reversed.

The referee found that the bankrupts were insolvent for more than four months before the petition was filed; but, if the limitation of four months be rejected, and all the transactions between the bankrupts and the appellant creditors shown by the record are taken into account, the result would be even more favorable for the appellants, because the primary indebtedness was even smaller than it was on, August 13th.

In order to avoid the possibility of being defeated by mistaking their remedy, the proponents in this court pursued the same course as that in Re Worcester Co., 42 C. C. A. 637, 102 Fed. 808, decided by us on April 20, 1900. They filed a petition for revision, as well as took an appeal. In support of our own convictions that an appeal is the proper remedy, Pirie v. Trust Co. came before the supreme court in that way without question. The observations that we made in Re Worcester Co. to the effect that a petition for revision does not necessarily nullify proceedings on a simultaneous appeal, apply here.

The common rule is that, when a proceeding is dismissed for want of jurisdiction, neither party recovers costs. Ordinarily the only exception to that rule is that on a proceeding in an appellate tribunal the costs incident to a motion to dismiss for want of jurisdiction are allowed when dismissal follows. In this case there has been no motion to dismiss.

With reference to costs on the appeal, the proposition on which the case now turns was brought forward of our own motion; also the party appealed against is a quasi officer of the law. Combining the two facts, there is no equity in favor of the allowance of costs to either party.

In No. 341 (Joseph B. Dickson et al., Petitioners) the petition is dismissed, without costs.

In No. 344 (Dickson et al. v. Wyman, Trustee) the decree of the district court is reversed, and the case is remanded to that court, with directions to allow the proof of the appellants; and neither party will recover any costs of appeal.