### KAHN v. CONE EXPORT & COMMISSION CO.

(Circuit Court of Appeals, Fifth Circuit.    March 15, 1902.)

#### No. 1,105.

BANKRUPTCY—PREFERENCES—DEDUCTION OF NEW CREDITS.

Bankr. Act 1898, § 60c, entitles a creditor who has received preferential payment on account, but who has extended further credit, as therein specified, to a deduction of the amount of such new credit from the preferences he would otherwise be required to surrender before proving the remainder of his debt, and is not limited in its application to cases where the trustee sues to recover the preferences.

McCormick, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the Northern District of Georgia, in Bankruptcy.

L. W. Thomas, L. Z. Rosser, E. V. Carter, and C. L. Anderson, for appellant.

Alex. C. King, J. J. Spaulding, and J. T. Pendleton, for appellee.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. After an attentive consideration and examination of this case, we are of opinion that it was correctly decided in the lower court, and that the reasons given by Judge NEWMAN for his judgment (111 Fed. 518) sufficiently cover the case.

Affirmed.

McCORMICK, Circuit Judge (dissenting). The case is not stated in the opinion by the court, nor is it stated in the opinion by Judge NEWMAN, whose decision this court affirms, substantially indorsing the reasons given by him for his judgment. These reasons are expressed in Judge NEWMAN'S opinion as reported in In re Southern

Overalls Mfg. Co. (D. C.) 111 Fed. 518. The report does not show by whom the syllabus was prepared, but that syllabus is as follows:

### "Bankruptcy—Preferences—Deduction of New Credits.

"Bankr. Act 1898, § 60c, entitles a creditor who has received preferential payments on account, but who has extended further credit as therein specified, to a deduction of the amount of such new credits from the preferences he would otherwise be required to surrender before proving the remainder of his debt, and is not limited in its application to cases where the trustee sues to recover the preferences."

With the utmost unfeigned respect for my brethren of this court and for the learned district judge whose judgment this court affirms in this case, and whose reasoning in support of his judgment this court approves, I am constrained to dissent, and to say that, in my opinion, the decision of the district court and of this court is in direct opposition to the most thoroughly-considered and clearest declarations of our supreme court in the case of Pirie v. Trust Co., 182 U. S. 442, 21 Sup. Ct. 906, 45 L. Ed. 1171. Waiving all question as to how much of the opinion in that case is entitled to the weight of authority, and how much of it should be received as dicta, its reasoning is more persuasive to my mind than the reasoning of the learned district judge. The weight of the reasoning in the opinion of the supreme court is materially increased by the authority of the circuit court of appeals for the Ninth circuit in the case In re Fixen, 42 C. C. A. 354, 102 Fed. 295, 50 L. R. A. 605, and by the reasoning in the well-considered opinion of Circuit Judge Morrow in announcing the decision of that court, and by the very able review of the question and of McKey v. Lee, 45 C. C. A. 127, 105 Fed. 923, which we find in the opinion of District Judge Shiras in the case In re Keller (D. C.) 109 Fed. 118. As a case of first impression (if it were such), on a consideration of the language of the different provisions of the statute, it would appear to me that the construction of those provisions by the district court in the decision of this case was wrong; on the persuasive force of the argument of the judges who announced the decision of the court in the Pirie Case, in the Fixen Case, and in the Keller Case, just cited, I would have no doubt of it; and upon the authority of the three cases cited, and especially of the Pirie Case, I am not only justified in expressing my dissent from the decision by the court in this case, but feel required to do so.