JOSEPH WILD & CO. v. PROVIDENT LIFE & TRUST CO.

(Circuit Court of Appeals, Third Circuit. April 30, 1907.)

No. 26.

BANKRUPTCY—PREFERENCES—PAYMENTS ON RUNNING ACCOUNT.

It is only where new sales succeed payments, and the net result is to increase the value of the estate, that payments made by an insolvent debtor on a running account are not to be considered as preferential transfers, under Bankr. Act July 1, 1898, c. 541, § 60a, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445], which must be surrendered, under section 57g, before the creditor can prove the remainder of his claim.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 146 Fed. 142.

Max L. Powell, for appellant.

A. G. Dickson, for appellee.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

GRAY, Circuit Judge. This is an appeal from a decision of the District Court for the Eastern District of Pennsylvania, in bankruptcy. The appellant sold merchandise to the alleged bankrupts and received payments on account, as set forth in the following statement:

| 1901. | | Terms. | | 1901. | | | |
|---|---|---|---|---|---|---|---|
| Feb. 14 | To Mdse. | 4 Mos..$ 176 58 | | June 29 | By Cash.........$ 176 58 | | |
| June 5 | | " .. 175 38 | | Oct. 10 | " " ......... 634 78 | | |
| | | | | | | $ 811 36 | |
| 7 | | " .. 173 64 | | | Balance..............$2,565 92 | | |
| 15 | | " .. 122 30 | | | | | |
| 28 | | " .. 59 66 | | | | | |
| 29 | | " .. 103 80 | | | | | |
| | | | $811 36 | | | | |
| July 19 | | " .. 220 00 | | | | | |
| 23 | | " .. 10 00 | | | | | |
| 26 | | " .. 535 32 | | | | | |
| Aug. 14 | | " .. 364 02 | | | | | |
| 24 | | " .. 180 60 | | | | | |
| Sept. 6 | | " .. 175 08 | | | | | |
| 11 | | " .. 176 04 | | | | | |
| 30 | | " .. 178 20 | | | | | |
| 26 | | " .. 177 78 | | | | | |
| Oct. 8 | | " .. 183 30 | | | | | |
| 8 | | " .. 182 88 | | | | | |
| 12 | | " .. 182 70 | | | | | |
| | | $3,377 28 | | | | $3,377 28 | |
| 1902. | | | | | | | |
| Jan. 1 | To balance | .......$2,565 92 | | | | | |

For this balance, claim was made against the trustee, and the same was duly referred to the referee, before whom testimony was taken and by whom the claim was afterwards allowed. The trustee then filed a petition, asking for a re-examination, which was allowed by the referee, and from his report again allowing the claim, we take the following findings:

"The trustee has filed a petition asking for a re-examination of the claim, averring that since the last of the above transactions, the claimant received from the bankrupts a payment of $634.78, which, it is contended, should be surrendered as a preference. The petition was allowed and testimony taken; from the testimony taken, supplemented by an agreement between the parties, I find the facts to be as follows: The bankrupts became insolvent on or before January 1, 1901; the claimants had no knowledge of their insolvency, and the sales and payments hereinafter referred to, were made in the usual course of business. The claimants, on various days in the month of June, 1901, shipped certain goods to the bankrupts sold on open account on four months' credit, and on October 10, 1901, the bankrupts paid the claimants for the above goods, $634.78. At various dates between July 19, and October 8, 1901, inclusive, the claimants shipped certain other goods sold by them to the bankrupts on open account on four months' credit. The total amount due on the above sales is $2,565.92. It is for the money due on the shipments last referred to, that the claim now under consideration was filed."

The referee, after an interesting discussion of the authorities, felt constrained to follow what he conceived to be the reasoning of Judge Putnam, in delivering the judgment of the Circuit Court of Appeals, in Dickson et al. v. Wyman, 49 C. C. A. 574, 111 Fed. 726. In that case, section 57g of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3444]) was so construed as not to require a creditor to surrender partial payments received by him on account, in the usual course of business, where the transactions covered by the account between them, taken together, resulted in increasing the net indebtedness to the creditor and correspondingly increasing the bankrupt's estate. This and the case of Jaquith v. Alden, 189 U. S. 78, 23 Sup. Ct. 649, 47 L. Ed. 717, lends some support to the conclusion arrived at by the learned referee. Upon the petition of the trustee, the question was certified by the referee to the district court for review, and the order of the referee, directing the trustee to pay the claimant a dividend on $2,565.92, without surrendering the said preferential payment of $634.78, was reversed.

There is much in the natural equity of the situation that commends the contention, that, where there is an open and running account after the insolvency, in which the various transactions of delivery of goods and partial payments took place openly and honestly, both sides of the account should be considered, and if the net result is an enrichment of the bankrupt's estate, partial payments, though made within four months of the filing of the petition, should not be considered as preferences, within the meaning of section 60a of the bankrupt act (30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]). It may be admitted that the authorities are not harmonious and do not satisfactorily dispose of the precise question here presented, but, until the Supreme Court shall have decided otherwise, we feel constrained, by what seems to be the ratio decidendi of both Pirie v. Chicago Title & Trust Co., 182 U. S. 438, 21 Sup. Ct. 906, 45 L. Ed. 1171, and Jaquith v. Alden, 189 U. S.

78, 23 Sup. Ct. 649, 47 L. Ed. 717, to say that it is only where new sales succeed payments and the net result is to increase the value of the estate, that payments on a running account are not to be considered as preferential transfers under section 60a, to be surrendered under section 57g. This general view is supported by Kimball v. Rosenham, 52 C. C. A. 33, 114 Fed. 85, and by Appeal of American Woolen Co., 57 C. C. A. 412, 121 Fed. 658. This court, also, in Gans v. Ellison, 52 C. C. A. 366, 114 Fed. 734, recognizing the hardship of treating partial payments on a running account as preferences under the act, uses this language:

"If, then, a creditor innocently preferred has given return credits afterwards, he has surrendered his preference to the extent of such return credits. To effectuate justice, both sides of the account are to be considered in the case of a creditor who innocently has received preferences and afterwards in good faith has given the debtor further credit, without security, for property which has become a part of the debtor's estate."

The rule, that further credit must be given the bankrupt after the last partial payment, seems technical and artificial, where the payment, as in this case, made October 10th; was only two days after the last sales and credit on the account between the claimant and the bankrupt. The rule, however, has been widely recognized, is based upon sound reasoning, and has been authoritatively stated by the Supreme Court. We are not, therefore, justified in creating an exception on the special circumstances of the present case.

The judgment of the court below is therefore affirmed.

NOTE.—The facts on which this action was based arose prior to Act Cong. Feb. 5, 1903, whereby sections 57g and 60b of the bankruptcy act [U. S. Comp. St. Supp. 1905, p. 689] were amended.