JAQUITH v. ALDEN.

In re WOODWARD et al.

(Circuit Court of Appeals, First Circuit. October 28, 1902.)

No. 444.

1. BANKRUPTCY—PREFERENCES—CREDITS IN EXCESS OF PAYMENTS RECEIVED.
    A creditor whose debt was all created within four months prior to the debtor's bankruptcy, and while he was insolvent, but not to the creditor's knowledge, and was for goods sold to the debtor from time to time, is not chargeable with having received preferences which he is required to surrender before proving his claim, because of payments received on account during the same time, although the greater part of the debt claimed was for goods sold prior to the last payment.

Appeal from the District Court of the United States for the District of Massachusetts.

The following is the opinion of the district court, by LOWELL, District Judge:

The bankrupts filed their voluntary petition November 26, 1901. They were insolvent since August 15th. The creditor who seeks to prove was ignorant of this fact. On August 15th the bankrupts were not indebted to the creditor. Subsequent to that time the sales by the creditor to the bankrupts and the payments by the bankrupts to the creditor were as follows:

Sales to Bankrupts by Creditor.

| Aug. 17, 1901. | Rubber | .......................... | $289 46 |
| 28, " | " | .......................... | 657 89 |
| Sept. 30, " | " | .......................... | 644 28 |
| Oct. 18, " | " | .......................... | 535 99 |
| 18, " | Cartage | .......................... | 50 |
| 31, " | Asbestine | .......................... | 10 40 |

$2,138 52

Payments by Bankrupts to Creditor.

| Sept. 4, 1901. | Payment of bill Aug. 17.............. | $289 46 |
| 28, " | " " " " 28.............. | 657 89 |
| Oct. 29, " | " " " " Sept. 30.............. | 644 28 |

$1,591 63

Balance..................................          546 89

If all these transactions be treated as one, it follows, under the rule of Dickson v. Wyman, 49 C. C. A. 574, 111 Fed. 726, that no preference was given. The trustee contends, however, that only those advances made by the creditor after the last payment received by the creditor from the bankrupts are to be taken into account in determining whether a preference was received or not. The contrary was decided by this court in Re Topliff (D. C.) 114 Fed. 323, and no sufficient reason has been shown in the learned and elaborate brief of counsel for the trustee to overrule the decision there reached.

The facts in the other cases submitted, viz., In re Woodward, Ex parte Atlas Chemical Co., were substantially the same, and no preference was given in either case.

The judgment of the referee is reversed, and the claims are allowed proof.

Harry J. Jaquith, in pro. per.
Arthur T. Johnson and Alonzo R. Weed, for appellee.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

PER CURIAM. On the facts of this case, it is governed by Dickson v. Wyman, 49 C. C. A. 574, 111 Fed. 726, in which our opinion was passed down on November 15, 1901.

The decree of the district court is affirmed, and the appellee is awarded the costs of appeal.