### In re COLTON EXPORT & IMPORT CO.

(Circuit Court of Appeals, Second Circuit. February 25, 1903.)

#### No. 78.

1. BANKRUPTCY—PREFERENCES—PAYMENTS ON ACCOUNT.
   Payments made to a creditor during the insolvency of the debtor, and within four months prior to his bankruptcy, on account of loans made from time to time previous to the first of such payments, constitute preferences under Bankr. Act 1898, § 60c (Act July 1, 1898, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3446]), which must be surrendered before the creditor can prove his claim, and it is immaterial that all the loans were made during insolvency, and within the four months period.

Appeal from the District Court of the United States for the District of New York.

This is an appeal by Arthur B. Leach, a creditor of the bankrupt, from a decree (115 Fed. 158) rejecting the claim of appellant unless he should surrender to the trustee certain payments made to him by the bankrupt, which were held to be preferential.

G. J. Spraull, for appellant.
Payson Merrill, for appellee.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

LACOMBE, Circuit Judge. In the opinion In re Sagor, 121 Fed. 658, filed at this session of the court, we have discussed the question of preferences at some length, with copious references to the authorities, and a citation of the relevant sections of the bankrupt act. That opinion may be referred to for a statement of the principles involved. It will be sufficient herein to set forth the facts in the case at bar, and to indicate the application to them of those principles.

The company was insolvent on and at all times after October 19, 1900. The petition to adjudge it a bankrupt was filed January 29, 1901. The transactions out of which the indebtedness arose are these: Loans were made by Leach to the company as follows:

| | | |
|---|---|---:|
| Oct. 20, 1900 | | $10,000 00 |
| Oct. 30, " | | 2,447 03 |
| Nov. 9, " | | 1,978 00 |
| Nov. 13, " | | 17,602 00 |
| Nov. 22, " | | 10,000 00 |
| Total | | $42,027 03 |

Payments were made by the company as follows:

| | | |
|---|---|---|
| Nov. 27, 1900 | | $14,185 58 |
| Dec. 5, " | | 2,551 59 |
| Dec. 10, " | | 10,690 81 |
| Dec. 12, " | | 170 07 |
| | Total | $27,598 05 |
| | Balance due | $14,428 98 |

The court, reversing the referee, held that Leach could not be allowed to prove this balance, although upon surrendering the $27,-598.05 he might prove the $42,027.03.

Appellant calls attention to the circumstance that all the loans were made to the bankrupt while it was insolvent, but there is no distinction recognized in the act between claims which accrued before and after insolvency. Section 60c (Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3446]) does not apply, because the creditor has not given the debtor further credit after receiving a preferential payment. The facts are not similar to those in the line of cases which are cited in extenso in Re·Sagor. Payments made by the debtor have not been succeeded by new extensions of credit, and there is no room for the argument that it should be assumed that the payment induced the credit, or that the transaction is the same as if the debtor paid part cash for a new lot of goods and obtained new credit only for the balance. Nor have we a running account, consisting of several items, where the net result of all transactions intermediate the first payment and the filing of petition in bankruptcy has been the increase of the bankrupt's indebtedness and of his estate at the expense of the creditor. On the contrary, from the date of the first payment no new credit was extended, and the result of the transactions thereafter has been to decrease his indebtedness to one creditor at the expense of his estate. The payments were clearly preferential.

The decree of the District Court is affirmed, with costs.