In re WATKINSON et al.

(District Court, E. D. Pennsylvania. January 4, 1906.)

No. 1,184.

BANKRUPTCY—PREFERENTIAL PAYMENT—NEW CREDITS.

Where a creditor extended new credits to an insolvent debtor in the ordinary course of business and without knowledge of such insolvency, being induced to do so to some extent by the fact that the debtor had settled its prior account by a note which had not yet matured, the payment of the note, although after the last credit, did not constitute a preference which the creditor was required by Bankr. Act July 1, 1898, c. 541, § 57g, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3443], to surrender before proving its claim in bankruptcy, when the net result of all the transactions during the debtor's insolvency was to increase its estate.

In Bankruptcy. On report of referee.

Max L. Powell, for claimant.

Arthur G. Dickson, for trustee.

HOLLAND, District Judge. The facts in this case were agreed upon by counsel for the trustee and Horatio Hickok Company, claimant, and are as follows:

"On July 13, 1901, a note for $1,582.87 was given the Horatio Hickok Company by George Watkinson & Co. in settlement of the account to date. At the same time George Watkinson & Co. stated that if the Horatio Hickok Company were not satisfied, because of the delay in the giving of the note, George Watkinson & Co. would make it right. The Horatio Hickok Company accordingly have claimed interest on the book account amounting to $52.58, and notified George Watkinson & Co., on July 16, 1901, to that effect, to which George Watkinson & Co. made no objection. Subsequently, between

July 13th and prior to November 13th, the date on which the note matured, additional sales were made by the Horatio Hickok Company to charge Watkinson & Co. as follows: July 22d, $592; October 2d, $594; October 22d, $900; October 26th, $660—which, together with the aforesaid interest and reduced by certain freight credits, amounted to $2,748.09, for which amount the Horatio Hickok Company have filed a claim. On July 18, 1901, the above note was indorsed and delivered for value in the ordinary course of business to the Howard National Bank of Burlington, Vt., to which bank the note was paid by George Watkinson & Co. at maturity on November 13, 1901. On this date, November 13, 1901, George Watkinson & Co. were insolvent, and had become so on July 16, 1901, and the Horatio Hickok Company had no knowledge of the insolvent condition of George Watkinson & Co. until the bankruptcy proceedings began, and made the sales in the ordinary course of business."

It was contended before the referee that, as the payment of the note by George Watkinson & Co. at maturity to the holder at the time, on November 13, 1901, was subsequent to the last sale to the alleged bankrupt in the ordinary course of business, the Horatio Hickok Company, to whom the note was given, has been preferred to the extent of the amount thereof, and must surrender this preference before their claim can be allowed:

The referee held, however:

"That if, after taking both sides of the account into consideration as one transaction, irrespective of the relative dates of payments and credits, there is a net gain to the estate during insolvency no preference exists. * * * It appearing in the present case that, taking both sides of the account subsequent to the insolvency into consideration, the bankrupt estate was increased by over $1,200, and, it being admitted that during all of the time covered by the above statement of facts, the Horatio Hickok Company was solvent and without knowledge of the insolvent condition of George Watkinson & Co., and that the sales referred to were made in the ordinary course of business no preference exists."

Although the actual payment of the note in this case took place subsequent to the date of the last sale to the bankrupts, the referee allowed the claim of the Horatio Hickok Company without requiring them to surrender the alleged preferential payment upon the authority of Dickson v. Wyman, 7 Am. Bankr. Rep. 187, 111 Fed. 726, 49 C. C. A. 574; In re Topliff, 8 Am. Bankr. Rep. 141, 114 Fed. 323; Jaquith v. Alden, 9 Am. Bankr. Rep. 773, 189 U. S. 78, 23 Sup. Ct. 649, 47 L. Ed. 717; Id., 118 Fed. 270, 55 C. C. A. 364; Yaple v. Dahl-Millakan Gro. Co. (U. S.) 11 Am. Bankr. Rep. 596, 24 Sup. Ct. 552, 48 L. Ed. 776.

It does not clearly appear in any of the above-mentioned cases that the last transaction was a payment on account by the debtor, except in the Topliff Case. There the last transaction was a payment by the bankrupts to their creditor; but in all of these cases it appears that (1) all the transactions taken together during the period of insolvency show in each case a net increase to the bankrupt estate; (2) that the creditor was ignorant of the insolvency of the alleged bankrupt covering the period of the transactions; (3) except in the Topliff Case, payments by the bankrupt were followed by credits under circumstances from which it is fair to presume they were induced by such payments. In the case at bar the estate was increased, and the Horatio Hickok Company knew nothing of the insolvency of the debtor. The giving and

784.

paying of the note during insolvency and the number of sales by the claimant between these two events show the latter were induced by the former.

Notwithstanding the very able and elaborate brief submitted at the argument of this case by Arthur G. Dickson, attorney for the trustee, I am convinced that the courts have departed from a strict construction of sections 57g and 60a of the bankrupt act (Act July, 1898, c. 541, 30 Stat. 560, 562 [U. S. Comp. St. 1901, pp. 3443, 3445]) in order that creditors who innocently receive payments during the period of insolvency and give credits induced by payments or settlement, the net result of which is to increase the bankrupt's estate, can recover in bankruptcy proceedings without surrendering such payments. While the transaction in this case, technically speaking, was an actual payment by the debtor after the last credit, yet the whole transaction shows upon its face that the giving of the note and settlement with the Hickok Company by the bankrupt induced the subsequent credits, and it would be construing the liberal rule adopted by the courts to protect creditors in this situation too strictly to follow the view suggested by the trustee. If the same strict and technical construction contended for by counsel for the trustee, in insisting that the actual payment having occurred subsequent to the last credit takes this case out of the rule adopted by the courts, had been followed in the construction of sections 57g and 60a, no creditor under any circumstances would have been permitted to prove a claim in a bankrupt estate without having surrendered all payments received during the period of insolvency, regardless of the effect upon the bankrupt estate.

As the reason for the rule was the protection of those who had been induced by settlements or payments to give other credits to debtors during the period of insolvency, and as the transaction in this case indicates upon its face that the Horatio Hickok Company by the settlement and the receipt of the note from the bankrupts were to some extent influenced in giving other credits, although the actual payment of that note occurred subsequent to the last credit, we are of the opinion that the referee is correct in his conclusion, and his report is hereby affirmed.