In re WATKINSON et al.

(District Court, E. D. Pennsylvania. June 22, 1906.)

No. 1,184.

BANKRUPTCY—PROVABLE CLAIMS—SURRENDER OF PREFERENCE.

An increase of a bankrupt's estate as a net result of transactions between the bankrupt and a creditor within four months prior to the bankruptcy, where the last transaction was a payment on account of the indebtedness, is not sufficient to relieve the creditor from surrendering this last payment as preferential before he is permitted to prove the balance of his claim, under Bankr. Act July 1, 1898, c. 541, § 57g, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3443], when the account runs far back beyond the four-month period, and the transactions end with a large payment on account of the whole indebtedness.

In Bankruptcy. On question certified by referee. See 142 Fed. 782, 143 Fed. 602.

Arthur G. Dickson, for trustee.
Max L. Powell, for claimants.

HOLLAND, District Judge. The plaintiff in this case sold merchandise to the alleged bankrupts, and received payments on account, as set forth in the following statement:

| 1901. | | Terms. | | | |
|---|---|---|---|---|---|
| Feb. 14 | To Mdse. | 4 Mos. | $ 176 58 | | |
| June 5 | | " | 175 38 | | |
| 7 | | " | 173 64 | | |
| 15 | | " | 122 30 | | |
| 28 | | " | 59 66 | | |
| 29 | | " | 103 80—$811 36 | | |
| July 19 | | " | 220 00 | | |
| 23 | | " | 10 00 | | |
| 26 | | " | 535 32 | | |
| Aug. 14 | | " | 364 02 | | |
| 24 | | " | 180 60 | | |
| Sept. 6 | | " | 175 08 | 1901 | |
| 11 | | " | 176 04 | June 29 By Cash........ $176 58 | |
| 30 | | " | 178 20 | Oct. 10 " " .......... 634 78—$ 811 36 | |
| 26 | | " | 177 78 | Balance ..................... 2,565 92 | |
| Oct. 8 | | " | 183 30 | | |
| " | | " | 182 88 | | |
| 2 | | " | 182 70 | | |
| | | | $3,377 28 | | $3,377 28 |

| 1902 | | | | |
|---|---|---|---|---|
| Jan. 1 | To balance | | $2,565 92 | |

It will be noticed that there are payments amounting to $811.36. Goods sold from February 14, 1901, to June 29, 1901, inclusive, total the same amount.

The question certified is whether or not Joseph Wild & Co., the claimants, can prove the balance of their claim, to wit $2,565.92, without surrendering the sum of $634.78, received by them on October 10, 1901, which is said to be preferential. The bankrupts were insolvent from January 1, 1901, but the first goods were delivered by the plaintiffs to them on February 14, 1901. The account was open long prior to four months preceding the filing of the petition in bankruptcy, and had been running from February 14, 1901, down to October 8, 1901, when the last delivery of merchandise to the bankrupts took place. Two days later, October 10, 1901, the sum of $634.78 was paid to the plaintiffs. This was the last transaction between them, and within four months of the time of the presentation of the petition in bankruptcy. There were no subsequent credits. It was simply a payment on account of a former indebtedness, and it is ruled by In re Colton Export & Import Co., 10 Am. Bankr. Rep. 14, 121 Fed. 663, 57 C. C. A. 417. The cases of Jaquith v. Alden, 118 Fed. 270, 55 C. C. A. 364 (same case decided by the Supreme Court of the United States, and reported in 9 Am. Bankr. Rep. 773, 23 Sup. Ct. 649, 47 L. Ed. 717), and Yaple v. Dahl-Millikan Grocery Co., by the same court, reported in 11 Am. Bankr. Rep. 596, 24 Sup. Ct. 552, 48 L. Ed. 776, rule that where a debt for goods sold to the bankrupt upon a running account was all incurred within four months prior to filing a petition in bankruptcy, and while the alleged bankrupt was insolvent, of which fact the creditor was ignorant, payment on account did not constitute preferential transfers, under section 60a of the bankrupt act of July 1, 1898 (chapter 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]), which must be surrendered, under section 57g, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3443], before the creditor can prove his claim, although the greater part thereof was for goods sold before the last payment was made. In the Jaquith v. Alden Case the last transaction was a purchase of goods by the bankrupts. We therefore hold that an increase of the bankrupt's estate, as a net result of the transactions between the bankrupt and a creditor within four months prior to filing the petition in bankruptcy, where the last transaction was a payment on account of the indebtedness, is not sufficient to relieve the creditor from surrendering this last payment as preferential before he is permitted to prove the balance of his claim against the bankrupt's estate, when the account runs far back beyond the four months before the petition is presented, and the transactions between them end with a large payment on account of the whole indebtedness. Under such circumstances, it is a preferential claim, and must be surrendered before the balance of the account of the creditor can be proven. Kimball v. Rosenham Co., 114 Fed. 85, 52 C. C. A. 33; In re Sagor Bros., 9 Am. Bankr. Rep. 361, 121 Fed. 658, 57 C. C. A. 412. Where in a running account payment by the bankrupt within the four months has induced new credits, which resulted in a net increase to the estate, the creditor may be said to have once surrendered his preference by the giving of the subsequent credit;

but where, as in this case, the bankrupt, beginning far beyond the four-month limit, makes a number of purchases, and then finally, within the four months makes a large payment on account, the creditor has been preferred. To hold otherwise would clearly give him a greater percentage of his debt than would be given to others of the same class. Any other creditor in this estate who might have from time to time sold goods to the bankrupt beginning subsequent to January 1, 1901 (date of insolvency), down to a time within the four months, without receiving payments on account, would certainly be in the same class with the claimant here, and would receive a less per cent., if claimant be not required to surrender the alleged preference.

The order of the referee directing the trustee to pay to Joseph Wild & Co. a dividend on $2,565.92 of the same percentage as other creditors of the same class, without surrendering the said preferential payment of $634.78, is reversed.