ORANGE RICE MILLING Co., demandante y apelada, *v.* ANGEL BARASOERDA, demandado y apelante.

No. 4657.—*Sometido:* Abril 7, 1930. *Resuelto:* Mayo 2, 1930.

*Henry G. Molina,* por la parte demandante-apelada; *O. B. Frazer & R. Castro Fernández,* por la parte demandada-apelante.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Cuando se hace necesario conceder una apelación, la corte inferior la admite, y queda perfeccionada, el caso pasa al tribunal superior y la corte inferior pierde la jurisdicción, no teniendo facultad o derecho alguno para desestimarla; pero hasta tanto quede perfeccionada la apelación, la corte inferior tiene jurisdicción durante el término, y en un caso adecuado puede desestimar el recurso. *Ex parte Roberts,* 15 Wall. 384; *Goddard* v. *Ordway,* 101 U. S. 745; *Draper* v. *Davis,* 102 U. S. 370; *Aspen Mining & Smelting Co.* v. *Billings,* 150 U. S. 31; *Ex parte Mackenzie,* 146 Fed. 143; *Pérez Villamil* v. *Romano,* 19 D.P.R. 1108.

En *Goddard* v. *Ordway, supra,* fué la parte apelante quien solicitó de la corte inferior se le tuviese por desistida, y el tribunal resolvió, citando el caso *Ex parte Lange,* 18 Wall. 163, que ''es innegable la facultad general de la corte sobre sus propias sentencias, resoluciones y decretos, tanto en lo civil como en lo criminal, durante la vigencia del término de sesiones en que fueron por primera vez dictadas.'' La corte dijo que la concesión de una apelación no era distinta a cualquiera otra orden.

En el caso *Aspen Mining & Smelting Co., supra,* se presentó una moción para desestimar, y la corte sentó los mismos principios, citando algunos de los casos anteriores. En *Ex parte Roberts, supra,* la corte indicó que la inferior ''tenía facultad para oír, y debió haber oído y resuelto'' la moción. La apelación que tenemos ante nos no fué perfeccionada.

Consideremos ahora los méritos de la moción para que no se conceda el recurso. Unicamente cuando el valor de la cosa en controversia excede de cinco mil dólares es que se concede una apelación para ante la Corte de Circuito. Si bien la parte demandada necesariamente admite que en la demanda se solicitaban originalmente $6,750, sostiene que la cuantía fué reducida mediante pagos efectuados mientras el caso estaba pendiente, y que la cuantía ahora envuelta es considerablemente menos de cinco mil dólares. Este era un pleito en cobro del valor de mil sacos de arroz que la parte demandada se negó a pagar. El arroz fué embarcado para Puerto Rico y el demandado se negó a recibirlo, siendo depositado bajo la custodia de la San Juan Mercantile Corporation. De la sentencia y la opinión emitidas por la corte inferior, así como de una resolución anterior de dicha corte, aparece que el arroz fué vendido y produjo el importe neto de $3,294. También se desprende de la resolución de la corte elevada a este tribunal, que a moción de la demandante, dicha suma le fué entregada. De igual modo, los indicios son que el arroz fué vendido a petición de dicha demandante. La sentencia de la corte inferior fué por la suma solicitada en

la demanda, menos la cantidad recibida en la venta en pública subasta.

Bajo las circunstancias expresadas, la reclamación hecha en la demanda fué reducida a una suma menor de cinco mil dólares, y no procede el recurso. *Alabama Gold Life Ins. Co. v. Nichols,* 109 U. S. 232; 3 C. J. 401; 2 R.C.L. 36.

El caso de la Corte Suprema fué uno en que la demandante condenó parte de su reclamación, reduciendo la cuantía a una suma menor de la jurisdiccional. Aunque se perseguía el fin de vulnerar la apelación del demandado, y si bien la corte inferior pudo haberse negado a efectuar la rebaja, como la sentencia fué realmente reducida, el tribunal superior se declaró sin jurisdicción. Véanse además *National Bank of Omaha v. Redick,* 110 U. S. 224; y *Simms v. Simms,* 175 U. S. 162, 169.

*La oposición a la apelación debe prevalecer, y debe anularse la resolución de abril 2, 1930, admitiendo el recurso.*