## In re HENRY C. KING CO.

(District Court, D. Massachusetts. January 22, 1902.)

### No. 3,916.

1. BANKRUPTCY—PROOF OF CLAIMS—SURRENDERING PREFERENCES.

   If a given payment received by a creditor without knowledge of insolvency need not be surrendered before proof, not being a preference within the bankruptcy act because the result of the whole transaction is to increase the net indebtedness to the creditor, the same payment received with knowledge of insolvency is not a preference, and need not be surrendered.

2. SAME—DECREASE OF NET INDEBTEDNESS.

   A bankrupt's clerk, four months before the date of the bankruptcy, had a priority claim against him for wages for $300 and a common claim for $33. During the four months he earned $445, and at the date of bankruptcy, if no payments had been made reducing the same, would have had a priority claim for $300 and a common claim for $478. During the four months he received $404 in goods and money. He applied $333 in settlement of the wages due four months before bankruptcy, and $70 on wages earned within that period, but which had then lost their priority, so that his common claim was reduced to $74. *Held* that, his common claim having been reduced within the four-months period, the clerk had received a preference, and, it not being surrendered, could not prove the balance of his claim, unless willing to do so as a creditor not entitled to priority, in which event his claim would have increased within the four months, and there would have been no preference.

In Bankruptcy.

Wilbur E. Rowell, for creditor proving claim.
Jeremiah J. Mahoney, for objecting creditors.

LOWELL, District Judge. In this case the creditor, a clerk of the bankrupt, had, four months before the date of the bankruptcy, a claim against the bankrupt for wages amounting to $333.19. During four months immediately preceding bankruptcy he earned $445, and within three months preceding bankruptcy earned more than $300. During the four months, however, and with knowledge of the

bankrupt's insolvency during that time, he received in goods and money $403.77, having an open running account with the bankrupt; on the one side for wages due, and on the other side for groceries, wood, coal, and money received from the bankrupt at irregular intervals. $333.19 was credited in settlement of the wages due four months before bankruptcy. The balance received—$70.58 —was credited upon the wages earned within four months of bankruptcy. The creditor now seeks to prove for $300 as a preferred creditor, under the decision of the circuit court of appeals in Dickson v. Wyman, 111 Fed. 726. But that decision is carefully limited to a transaction "without any intention to acquire any unjust preference," "without reasonable cause on [the creditor's] part to believe him insolvent." In the case at bar the creditor knew the bankrupt's insolvency. In spite of the language in Dickson v. Wyman, it would seem that knowledge of insolvency cannot affect the question of preference or no preference. A preference is defined in Bankr. Act, § 60a, without reference to knowledge of insolvency. Pirie v. Trust Co., 182 U. S. 438, 21 Sup. Ct. 906, 45 L. Ed. 1171. That case held that the transaction was none the less a preference because the element of knowledge was wanting, and, if this be so, a transaction can hardly be any more a preference because knowledge of insolvency is present; in other words, knowledge of insolvency converts an innocent preference which may be retained if the creditor will forego proof, into a guilty preference which may be recovered back by the trustee. But, since the element of knowledge is excluded from the definition of preference, it follows that even an innocent preference—one received without knowledge of insolvency— is still a preference, and must be surrendered before proof. It follows also that knowledge of insolvency cannot transform into a preference an act which otherwise is no preference. If a given payment, received without knowledge of insolvency, need not be surrendered before proof, because it is no preference, the same payment received with knowledge of insolvency is not a preference. If a payment by the bankrupt which would otherwise be a preference is yet not a preference because the result of the whole transaction is an increase of the net indebtedness to the creditor, this must be equally true whether knowledge of insolvency exists or not. The bankrupt act does not provide that any payment received by the creditor from the bankrupt within four months is a preference, but only when the effect of this payment "will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class." If this is not the effect of the payment, there is no preference, and if, within four months, the net indebtedness is increased, the court of appeals has held in Dickson v. Wyman that the creditor does not obtain a greater percentage of his debt. If, by reason of increase of net indebtedness, a certain payment does not constitute a preference, then a creditor who, with knowledge of insolvency, receives such a payment, receives no preference, and so, in spite of his knowledge of insolvency, may retain the payment against the trustee, and need not surrender it before proving the rest of his claim. Bankr. Act, § 60b, does not

provide that the trustee may recover all payments received with knowledge of insolvency, but only preferences so received. This seems to be the inevitable result of Dickson v. Wyman, combined with Pirie v. Trust Co. I must hold, therefore, that knowledge of insolvency did not make a preference of acts which otherwise did not amount to a preference.

But the claim cannot be allowed priority. Four months before bankruptcy the creditor had a claim of $333.19. Though this claim then had priority, it is now without priority. A further claim of $445 accrued within the four-months period. If no payment had been made on either claim, the creditor would now have a priority claim of $300, and a common claim for $478, but the priority claim at the time of bankruptcy would not be that part of the claim which had priority four months earlier. The priority of the earlier claim would have disappeared, and for the purposes of this discussion that claim must be treated as a common claim, because, in these proceedings, it must be proved as such. The creditor seeks to apply the payment which he has received wholly to the common claim. The result of this application will be to leave him a common claim of $74, due at the date of bankruptcy, a sum smaller than the claim which was due four months earlier. If he be now allowed to prove a priority claim for $300 without surrendering the payments he has received, his common claim will have been diminished within the four-months period, and so, under the decision of Dickson v. Wyman, he has received a preference. If any preference has been received, it is undoubtedly a guilty one, and can be recovered back by the trustee under section 60b, Bankr. Act, and this without any set-off as provided in section 60c. That the creditor should be allowed to prove any claim against the estate, whether having priority or not, when the trustee has a claim against him for a guilty preference, is not to be permitted. It was argued that at the beginning of the four-months period the creditor had a claim for $300 having priority, and a common claim for $33, and that at the time of the bankruptcy he had a priority claim for $300 and a common claim for $74, and that, therefore, his common indebtedness had increased within the four months, rather than decreased; but, as has been said, the indebtedness which had priority at the beginning of the four months must, for the purposes of this case, be treated as having lost it, and therefore the common indebtedness must be deemed to have diminished. If the creditor is willing to prove as a creditor not having priority, inasmuch as his claim will then have increased within four months prior to bankruptcy, he may prove without surrendering the payments made to him, but his claim of priority must be disallowed. Unless the creditor desires to withdraw it, his proof of claim will be allowed without priority.