### In re VAN WERT MACH. CO.

#### (District Court, D. Massachusetts.  March 18, 1910.)

#### No. 13,272.

BANKRUPTCY (§ 348*)—WAGES—APPLICATION OF PAYMENTS—PREFERENCE.

    Claimant was employed by the bankrupt as a stenographer at weekly wages from January, 1907, to the date of bankruptcy, January 11, 1908, and earned during the period $983. $300 of which was earned within three months before the filing of the petition. She had received payments of various sums, beginning May 4, 1907, on different dates in each month thereafter, until January 11, 1908, amounting to $638.45. No directions were given by the bankrupt as to the application of such payments. *Held*, that claimant was not required to credit payments within the last three months to reduce wages earned within that period, but was entitled to credit all the payments to the earlier items of the account, leaving $300 earned within the last three months, for which she was entitled to a preference.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 536; Dec. Dig. § 348.*]

In the matter of bankruptcy proceedings of the Van Wert Machine Company. On petition for review of orders by a referee allowing the claim of Cora E. Wilson Fitz Gerald for wages as a claim having priority to the extent of $300, and a similar claim of Ernest Fitz Gerald claiming priority to the extent of $260. Orders affirmed.

A. C. Webber and Abram Hyman, for petitioning creditors.

Russell, Moore & Russell, for objecting creditor.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

DODGE, District Judge. It is not disputed that Cora E. Fitz Gerald was in the bankrupt's employ as a stenographer, at weekly wages, from January, 1907, to the date of the bankruptcy, January 11, 1908, or that the total of wages earned during that period was $983, $300 of which was earned within three months before the filing of the petition. Nor is it disputed that she received in payment from time to time, on account of wages due her, various sums ranging from 75 cents to $53.70; the first of these payments being May 4, 1907, and the others on different dates in each month thereafter, the last payment being on January 11, 1908. The payments amounted in all to $638.45. The referee holds that they have all been rightly applied upon the earlier items of the account, which will leave the $300 earned within the last three months wholly unpaid. The objecting creditor contends that the payments within three months should go to reduce the wages earned within three months. I am unable to doubt that the referee's conclusion is right. The creditor has the right to claim that, as each payment was received, it extinguished, so far as it went, the indebtedness longest due. No directions regarding application of the payments were given by the debtor, so far as appears. It is not contended that the application which has been made results in a preference recoverable by the trustee, as in Re King Co. (D. C.) 113 Fed. 110.

The question arising upon the claim of Ernest Fitz Gerald is precisely similar. He was employed as a salesman at $20 a week, earned $500 in all, $260 of which came within the last three months, and he was paid on account, and at various times within the last three months, $110. I think his claim is entitled to priority to the amount of $260.

The orders of the referee are, therefore, approved and affirmed.