## BLAUVELT v. WALKER.
### No. 3626.

Circuit Court of Appeals, Fourth Circuit.
Oct. 2, 1934.

916

John Y. Jordan, Jr., of Asheville, N. C., for appellant.

Charles G. Lee, Jr., of Asheville, N. C. (Lee & Lee, of Asheville, N. C., on the brief), for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and CHESNUT, District Judge.

PARKER, Circuit Judge.

This is an appeal in a bankruptcy proceeding from an order of the court below which allowed a claim of appellant as a preferred claim for the sum of $168 but denied priority for any sum in excess of that amount. Claimant was prescription clerk and bookkeeper for the bankrupt, one James P. Adams, who was duly adjudged a bankrupt on a voluntary petition filed July 19, 1933. He had been employed at a salary of $200 per month, and filed his claim of $1,361.23, balance due on wages, claiming that $600 of this amount was entitled to preference because it represented wages earned within three months of the filing of the petition. The court below found that during the four months next preceding the filing of the petition claimant had been paid on account of services the sum of $432, which he had accepted when the bankrupt was insolvent, and which he had credited on past due wages when he had reasonable cause to believe that this would effect a preference. The court ordered that this $432 be deducted from the $600 for which claimant would otherwise have been entitled to file a preferred claim; and that his claim be allowed as a preferred

claim for the amount of $168 and as a general claim without priority for the balance of $1,193.23.

The position of appellant is that he was entitled to apply the payments received by him to the oldest items of his claim for wages, as no different application was directed by the bankrupt; that, when the payments are so applied, the wages for the entire three months' period preceding the filing of the petition in bankruptcy are left unpaid; and that he is entitled to a preferred claim for the amount thereof under the express provision of the Bankruptcy Act. 44 Stat. 666, 11 USCA § 104. It is ordinarily true, of course, that where the debtor does not direct the application of payments, the right of making the application is in the creditor. Maryland Casualty Co. v. City of South Norfolk (C. C. A. 4th) 54 F.(2d) 1032. And the contention of claimant would be correct, were it not for the finding that the bankrupt was insolvent at the time the payments in question were made and that claimant, when he received them, had reasonable cause to believe that crediting them on the claim for past-due wages would result in a preference in contravention of the provisions of the Bankruptcy Act. Bankruptcy Act § 60, as amended, 11 USCA § 96. The act gives preferential status to claims for wages if earned within three months of the commencement of the proceedings in bankruptcy; but wages earned prior to such three months' period occupy no such preferred status, and there is nothing in the act which permits preferential payments thereon. Wage payments are not preferential, if applied on wages currently earned; for in such case the payment is made, not on a past due debt, but for a present consideration. They become mere preferential payments, however, if applied on claims for past-due wages which are not entitled to preference. In re King Co. (D. C.) 113 F. 110.

A number of cases are cited as sustaining the position that a wage claimant is not required to credit payments made to him within the last three months preceding bankruptcy on wages earned within that period, but is entitled to credit all the payments to the earlier items of the account. See In re Van Wert Machine Co. (D. C.) 186 F. 607; In re Flick (D. C.) 105 F. 503; In re Andrews, 19 A. B. R. 441; In re McIntyre Bros., 21 A. B. R. 588. The rule thus stated is correct where there is no showing, as there is here, that the bankrupt was insolvent at the time of the payments and that claimant had reasonable cause to believe that so credit-

ing them would effect a preference in contravention of the provisions of the bankruptcy act. Where there is such showing, however, a different rule applies. It is thus stated in Remington on Bankruptcy (3d Ed.) vol. 4, § 1476: "If he applies payments received during the four months' period before bankruptcy (limited for avoiding preferences) on wages earned before the statutory period of three months (limited for priority of wages), thus leaving a priority claim for the full amount earned within the statutory three months, he must surrender the preferential payments, for the payments were not made on claims entitled to priority, but not, if he did not receive the payments with reasonable grounds of belief, etc." The only qualification which we would make in the rule so stated is that payments received during the fourth month preceding bankruptcy, not exceeding the wages earned during that month, are not to be deemed preferential even though credited on wages earned prior to the three months' period. Wages earned during such fourth month preceding bankruptcy have no preferential status; but, on the other hand, payments made on account of such wages, not exceeding the amount thereof, should be considered in all fairness as having been made for a present consideration, the labor performed during the month, and not on account of old debts due the wage earner.

It was stipulated on the argument in this court that, of the $432 received by the claimant during the four months next preceding the filing of the petition in bankruptcy, $116 was received during the fourth month preceding bankruptcy, i. e. between March 19th and April 19th. During this month claimant earned $200 in wages; and we do not think that the payment to him of $116, which was $84 less than the amount of the wages actually earned by him during the month, could possibly be held to be a preferential transfer, or that crediting same on the wages earned prior to the three months' period could give it that effect. It was properly credited on the wages earned prior to that period; for it was itself earned prior thereto.

It follows, therefore, that not $432 but $316 should have been deducted from the $600 wages earned during the three months prior to the filing of the petition; and that, of the claim filed by appellant, $284 should be allowed as a preferred claim, and $1,077.-23 as a general claim not entitled to priority. The order appealed from will be modified accordingly; and as so modified it will be af-

firmed. The costs on this appeal will be divided.

Modified and affirmed.