In re APACHE COAL COMPANY, INC., Debtor.

APACHE COAL COMPANY, INC., Plaintiff,

v.

U.M.W.A., et al., Defendants.

Bankruptcy No. 7-86-00979-A.
Adv. No. 7-86-0159.

United States Bankruptcy Court, W.D. Virginia, Abingdon Division.

Dec. 22, 1986.

Copeland, Molinary & Bieger, Abingdon, Va., for debtor.

Hilary K. Johnson, Lebanon, Va., for Clinchfield Coal Co.

James J. Vergara, Jr., Hopewell, Va., and Brad Rayson, J. Thadieu Harris, III, Castlewood, Va., for U.M.W.A.

Boucher & Mitchell, Abingdon, Va., for Stanford G. Fuller.

## MEMORANDUM OPINION

H. CLYDE PEARSON, Chief Judge.

Two issues are before the Court. The first involves the interest of Stanford G. Fuller, intervenor, in proceeds held by Clinchfield Coal Company, Inc. under the attachment of employees represented by U.M.W.A.

The second issue involves the employer/Debtor's efforts to void the attachment issued for wages due the Debtor's employees.

The Court, having heard the evidence, finds that Fuller is, in effect, a contractor for the Debtor and has no interest in the funds held by Clinchfield Coal Company, Inc. due the Debtor.

The second issue further involves the Debtor's efforts to recover funds held by Clinchfield Coal Company, Inc. under an attachment issued pre-petition from the state court. The original Complaint of the Debtor sought an Order that Clinchfield Coal Company, Inc. disburse the funds to the Debtor. This Complaint was later amended to allege that such attachment was a preference under 11 U.S.C. § 547.

The evidence reflects that the employees were not being paid current wages by the Debtor, filed the attachment, and, expecting their wages to be paid, continued their employment pre-petition and post-petition. The wages were earned currently within a few weeks of the date of the attachment. The Court concludes that the attachment was valid, no adequate protection is proposed as required under the case of *In re Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (N.Y.1983), and is not preferential under § 547.

█ The perfection of the attachment may be exercised in this Court. *See In re Cates*, 2 C.B.C. 351 (W.D.Va.1974). Further, § 547(c) provides that a lien may not be avoided if there is a substantially contemporary exchange of value which, in this case, is continued services rendered. Additionally, § (c)(4)(B) provides that if new value is given, there can be no voiding, and the Court finds that the continued services rendered was the equivalent of new value.

█ For a more compelling reason, the lien for priority wages due these employees under 11 U.S.C. § 507(a)(3) is not subject to avoidance under the Fourth Circuit decision of *Blauvelt v. Walker*, 72 F.2d 915 (4th Cir.1934). Although the Court is dealing with 11 U.S.C. § 104 of the *Bankruptcy Act of 1898*, as amended, the provisions are similar to § 507 and the rule is applicable.

The late, distinguished Judge Parker stated:

> "Wage payments are not preferential, if applied on wages currently earned; for in such case, the payment is made not on a past due debt, but for a present consideration."

An Order will accordingly be entered.